SOUTHWICK, P.J., for the Court.
¶ 1. Terry Abram was convicted of one count of simple assault on a law enforcement officer by a circuit court jury. He appeals arguing the court erred when it denied his motion for a directed verdict, denied a jury instruction, and that the verdict was against the weight of the evidence. We find no error and affirm.
*1065 STATEMENT OF FACTS
¶ 2. On the night of September 10, 2001, Officer Michael Stevens and Officer Randy Dyess of the Columbia Police Department were on patrol. They discovered Terry Abram inside an old scrap yard building. The officers instructed Abram to leave the building, but he refused to do so. Abram said that he lived in the building. After an additional demand and refusal, Abram began to run. The officers split up to pursue Abram in order to arrest him.
¶3. Deputy Sheriff Eugene Ryals arrived after hearing a call for assistance. He and Officer Dyess found Abram inside an abandoned building. Abram was sitting on a couch. As the officers approached, Abram stood up. After Ryals grabbed Abram’s arm, Abram pulled backwards from the officer. Both men fell onto the couch on which Abram had been sitting. There was testimony that Abram was kicking and clawing at Ryals’ face. Other officers helped subdue Abram.
¶4. Officers Stevens, Dyess, and Ryals all went to the emergency room for treatment. Abram was charged with three counts of simple assault on a law enforcement officer. The jury reached a guilty verdict only as to the count concerning Officer Ryals. Abram appeals.
DISCUSSION

1. Sufficiency of evidence

¶ 5. Abram challenges the sufficiency of the evidence, alleging that he was entitled to a peremptory instruction or judgment notwithstanding the verdict on the charge of simple assault. He also argues that he is at least entitled to a new trial because the great weight of the evidence supported his innocence. Primarily, Abram argues that the injuries to Officer Ryals, if any, were too minor to support a finding of assault, and regardless, the injuries were accidental.
¶ 6. A person is guilty of simple assault if he either attempts or purposely, knowingly or recklessly causes bodily injury to another. Miss.Code Ann. § 97 — 3—7(1)(a) (Rev.2000). There was testimony that Abram clawed Ryals’ face. The officer was treated at a hospital for scratches that went from his neck to his chest. The scratches burned and stung Ryals for a couple of days. A picture taken of Officer Ryals showing the scratches on his neck was presented to the jury.
¶ 7. Abram contends that he scratched Officer Ryals because he lost his balance. He claims that Ryals was not actually injured since he did not require bandages or medication and he was able to finish his shift that night. However, the jury found the State’s account of events to be correct. Ryals did receive bodily injury at least to the extent of having scratches on his face that burned for two days. This meets the definition of assault under the statute. Abram’s somewhat different account, which in essence was that the slight injuries to the officer were inadvertent, did not have to be accepted by the jury if it found the other evidence more credible. That they did. We affirm.
¶ 8. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT OF CONVICTION OF COUNT II SIMPLE ASSAULT ON A POLICE OFFICER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SENTENCE TO RUN CONSECUTIVELY TO ANY OTHER SENTENCE, AND PAY PAST-DUE FINES OF $1,735.50 TO CITY OF COLUMBIA IS AFFIRMED. ALL COSTS ARE ASSESSED TO MARION COUNTY.
*1066 McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.